UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA: | : | CASE NO. 1:99-CR-00332 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 925, 926] |
| EDDIE L. MARSHALL, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Eddie Marshall moves the Court to correct the 1999 sentence it imposed which Defendant has finished serving—to specify that the Court intended the sentence to run concurrently with two sentences earlier imposed by the Richland County Court of Common Pleas.[1/] For the following reasons, the Court **GRANTS** Defendant's motion.

## I. Background

On December 13, 1999, Defendant Eddie Marshall pleaded guilty in this Court to one count of conspiracy to possess with the intent to distribute crack cocaine.[2/] According to the indictment, the conspiracy lasted from "on or about the Summer of 1996, *or earlier*, to on or about September 1999, the exact dates to the Grand Jury unknown."(Emphasis added.)[3/] On December 17, 1999, before this Court imposed a sentence in that case, Defendant Marshall was sentenced in the Richland County Court for probation violations in two cases.[4/] One of those violations referred back to an

---

[1/] Doc. 925.  The Government opposes.  Doc. 926.
[2/] Doc. 254.
[3/] Doc. 1.
[4/] *See State v. Marshall*, No. 14 CA 37, 2015 WL 2452299, at *1 (Ohio Ct. App. May 20, 2015).

Case No. 1:99-CR-00332
Gwin, J.

offense that occurred on April 18, 1996. Like this Court's 1999 case, the 1996 Richland County case involved the sale of cocaine. Like this case, the 1996 Richland County judgment found Defendant was involved in a transaction for the sale of cocaine[5].

The sentences in those two Richland County cases, that were to run consecutive to each other, totaled 90 months of incarceration.[6] On March 8, 2000, this Court sentenced Defendant Marshall to 141 months in federal prison.[7] With Marshall's motion, this Court examines whether it had intended to impose concurrent or consecutive sentences and decides whether the filed judgment failed to reflect the sentence imposed.

Judge James D. Henson, the sentencing judge in the Richland County Court, did not specify that the sentences for the probation violations were to run concurrently to the impending federal sentence. Judge Henson only noted that he would "look into" whether the state and federal sentences could or should be run concurrently.[8] Judge Henson further advised Defendant Marshall: "Do the right thing by federal officials. They'll be here to talk to me in regards to what should be done by way of concurrent or consecutive sentencing."[9]

With Defendant Marshall's plea in this Court, the Government agreed to recommend that the federal sentence be served concurrently with the Richland County Court's sentences.[10] The Government does not deny that it recommended to this Court that the sentences run concurrently.[11] Nevertheless, the Court's Judgment neither specified the federal sentence should, or should not, run

---

[5]*Id.*
[6]*Id.*
[7]Doc. 419.
[8]*Marshall*, 2015 WL 2452299, at *2.
[9]*Id.*
[10]*See* Doc. 255.
[11]*See* Doc. 926.

Case No. 1:99-CR-00332
Gwin, J.

concurrent with the Richland County Court sentences.[12]

After his sentencing, Defendant was remanded to the custody of the Federal Bureau of Prisons. He was released on February 13, 2009.[13]

In 2013, Defendant Marshall was once again arrested for drug trafficking in Wood County, Ohio.[14] In that 2013 Wood County case, Defendant Marshall was sentenced to serve 18 months in state prison on that charge.[15] In addition, the Ohio Department of Rehabilitation and Correction determined that Defendant Marshall had not yet served the 90-month sentence from his 1999 probation violations.[16]

Since then, Defendant Marshall has argued that his 1999 federal and state sentences were meant to run concurrently. Under this interpretation, Defendant Marshall would have already satisfied the 90-month sentence imposed by the Richland County Court by virtue of having served more than 90 months on his federal sentence.

Judge Henson has twice confirmed that he intended for the sentences he imposed in 1999 to run concurrent to the federal sentence. First, in response to a 2003 letter from Defendant Marshall, Judge Henson explained that it was his "intention that [Defendant] spend seven and one half (7 ½) years on [the Richland County] charges concurrent to your federal sentence . . . meaning that if the federal authorities decide to let you out earlier than seven and one half years, you would come back to Ohio to complete your sentence."[17]

---

[12] *See* Doc. 257.
[13] *Marshall*, 2015 WL 2452299, at *3.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] Doc. 925-2.

Case No. 1:99-CR-00332
Gwin, J.

Second—and most relevant to this motion—after Defendant Marshall was sentenced in 2013, Judge Henson issued a sua sponte judgment entry relating to the 1999 probation violations. In that order, Judge Henson indicated "that the original intent of the trial court and the parties had been that the sentences [in those cases], while consecutive to each other, were to be served concurrently to [Defendant Marshall]'s federal sentence."[18]

Judge Henson's sua sponte order was reversed on appeal. The Ohio Court of Appeals held that, under Ohio law, the Richland County Court had no authority at the time of sentencing to designate the state sentences either concurrent or consecutive to the federal sentence.[19] Thus, the Court of Appeals held that the Richland County Court had no authority to revise or clarify its prior sentence.

The Ohio Court of Appeals further opined that Defendant Marshall's "remedy, if any, will have to be pursued via a different procedural vehicle."[20] Defendant subsequently made this motion, arguing that the proper "procedural vehicle" for the relief he seeks is an order from this Court "correcting" its 1999 Judgment to specify that the federal and state sentences were to run concurrently.[21]

## II. Legal Standards

In general, a district court may not modify a final judgment of conviction that includes a term of imprisonment.[22] However, Federal Rule of Criminal Procedure 36 allows a Court to, "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the

---

[18] *Marshall*, 2015 WL 2452299, at *3.
[19] *Id.* at *4.
[20] *Id.*
[21] Doc. 925.
[22] *See* 18 U.S.C. § 3582.

Case No. 1:99-CR-00332
Gwin, J.

record arising from oversight or omission."[23] "'A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.'"[24]

### III. Analysis

The Sixth Circuit has held that a district court has the authority to make the change Defendant Marshall seeks here only if there was a discrepancy between an oral sentence and the written order.[25]

The oral record in this case is unclear. This Court has diligently attempted to reconstruct what orally transpired at the 1999 sentencing hearing. Unfortunately, the transcript from the Court's 1999 sentencing hearing is not available due to the large gap in time between the Judgment entry and this motion. Further, this Court does not possess any independent recollection of what was said at the sentencing hearing fifteen years ago.

Given the lack of a clear record or transcript, circumstances give the best indicia in determining whether there was a Rule 36 clerical error that should now be corrected. In considering the totality of the circumstances, this Court believes that this Court made a clerical error in not specifying that the sentence imposed in 1999 was to run concurrent to the Richland County Court sentences. A number of factors lead to the conclusion that there was a discrepancy between the oral record and the final judgment entry.

First, the Richland County Court sentence arose out of a charge that overlapped with the

---

[23] Fed. R. Crim. P. 36.
[24] *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)); *see generally* 3 Wright & Miller, Federal Practice & Procedure Criminal § 641 (4th ed. 2015).
[25] *United States v. Libby*, 79 F.3d 1149, 1151 (6th Cir. Mar.15, 1996).

Case No. 1:99-CR-00332
Gwin, J.

federal conspiracy charge. In its 1999 indictment of Defendant Marshall on conspiracy charges, the grand jury charged Defendant for offenses occurring "from on or about the Summer of 1996, or earlier, to on or about September 1999, the exact dates to the Grand Jury unknown."[26] And, Defendant Marshall pled guilty to the count that overlapped both the state and federal cases.[27]

On April 18, 1996, Defendant Marshall was arrested for buying a package of cocaine in excess of 1000 grams from an undercover police officer. On December 17, 1999, the Richland County Court sentenced Defendant Marshall to 6 years of incarceration as a result of a probation violation reverting back to the April 18, 1996 offense.[28] Given the time frame set out in the indictment, it seems that Defendant Marshall's April 18, 1996 offense falls under the conspiracy charge that he pled guilty to.

The Federal Sentencing Guidelines provide for concurrent sentences to be imposed when a " term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction..."[29]. Defendant Marshall's April 1996 drug transaction falls under the purview of the conspiracy charge. Thus, the transaction was relevant conduct to the conspiracy conviction. As such, the Richland County 6 years sentence should have been concurrent to this Court's sentence of 141 months as per the Federal Sentencing Guidelines.

Second, Defendant Marshall's plea agreement required the Government recommend the federal sentence run concurrent to those sentences. The Government followed through and requested that Defendant Marshall's sentences run concurrently.

---

[26] Doc. 1.
[27] *Marshall*, 2015 WL 2452299, at *2.
[28] *Marshall*, 2015 WL 2452299, at *2.
[29] See U.S.S.G. 5G1.3

Case No. 1:99-CR-00332
Gwin, J.

Third, the parties in this case and the Richland County court expected concurrent sentences for Defendant Marshall. As discussed above, Judge Henson twice made his intent of concurrent sentences clear.

Given the totality of these circumstances, this Court believes that the oral record would have shown an intention to impose concurrent sentences. As such, this Court made a clerical error in not making a judgment entry to the effect that the federal sentence was to run concurrent to the state sentence. Thus, this Court is now exercising its authority under Rule 36 to correct this clerical error.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Eddie Marshall's motion to correct his sentence.

IT IS SO ORDERED.

Dated: August 19, 2015              s/ *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE